HERRICK, FEINSTEIN LLP **[Document Electronically Filed]**
2 Park Avenue
New York, New York 10016
Tel. (212) 592-1400
Fax. (212) 592-1500
William H. Fried
Orsolya Kore
Attorneys for Defendants SH ACOUSTICS, LLC and STEVE HAAS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FRED DRASNER,

           Plaintiff,   : 07 Civ. 5970

    -against-

           : **ANSWER & COUNTERCLAIMS**

SH ACOUSTICS, LLC and Steve Haas,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        Defendants SH Acoustics, LLC ("SH") and Steve Haas, by and through their undersigned attorneys, Herrick, Feinstein LLP, as and for their Answer and Counterclaims to the Complaint, allege as follows:

## NATURE OF THE ACTION

        1.    The allegations contained in the first sentence of Paragraph 1 are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 1 are denied, except Defendants admit that Concertino was advertised as a sophisticated method of reproducing the acoustical properties of a concert hall or other venue in a home environment and can be installed with little visible evidence of its existence.

        2.    Defendants deny the allegations contained in Paragraph 2 of the Complaint except admit that Drasner has paid $180,959.93 to SH to date.

3. Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in Paragraph 4 of the Complaint.

## PARTIES

5. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. Defendants admit that SH is a limited liability company organized under the laws of the State of Connecticut, with its principal office located in Milford, Connecticut.

7. Defendant Steve Haas is an individual and a citizen of the State of Connecticut.

## JURISDICTION AND VENUE

8. The allegations contained in Paragraph 8 are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 8 are denied.

9. The allegations contained in Paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 9 are denied.

## FACTUAL BACKGROUND

10. Defendants admit the allegations contained in Paragraph 10.

11. Defendants admit the allegations contained in Paragraph 11.

12. Defendants deny the allegations contained in Paragraph 12.

13. Defendants deny the allegations contained in Paragraph 13.

14. Defendants deny the allegations contained in Paragraph 14, except admit that Defendants stated that the Drasner apartment was potentially suitable for the implementation of the Concertino system.

15. Defendants deny the allegations contained in Paragraph 15, except admit that in August 2005 SH forwarded a proposed contract to Drasner regarding the installation of the Concertino system.

16. Defendants deny the allegations contained in Paragraph 16.

17. Defendants deny the allegations contained in Paragraph 17, except admit that (i) on August 24, 2005, plaintiff and defendant SH have entered into an "Agreement for Drasner Residence for the Construction of Concertino, Live Music Recording and Duplication Systems" (hereinafter referred to as the "Installation Agreement"), and respectfully refers the Court to that document, the terms of which are incorporated here by reference, for a true and accurate statement of the terms, and that (ii) Drasner paid SH $90,459.93 in August 2005 in accordance with section 4 of the Agreement.

18. Defendants neither admit nor deny the allegations contained in paragraph 18, except respectfully refer the Court to the Installation Agreement for a true and accurate statement of its terms, and deny any allegations in this paragraph inconsistent therewith.

19. Defendants admit that SH began the installation of the Concertino system in Drasner's apartment after Drasner made the initial payment of $90,459.93 due under the Installation Agreement.

20. Defendants neither admit nor deny the allegations contained in paragraph 20, except respectfully refer the Court to section 4 of the Installation Agreement for a true and accurate statement of its terms, and deny any allegations in this paragraph inconsistent therewith,

except admit that Drasner made a second payment of $90,500.00 to SH on or about May 17, 2006.

21. Defendants deny the allegations contained in paragraph 21, except admit that modifications had to be made to Drasner's apartment before, during and after, the installation of the Concertino system.

22. Defendants deny the allegations contained in paragraph 22.

23. Defendants deny the allegations contained in paragraph 23, except admit that, in August 2006, SH installed the Concertino system in Drasner's apartment.

24. Defendants deny the allegations contained in paragraph 24.

25. Defendants deny the allegations contained in paragraph 25.

26. Defendants deny having knowledge and information of the allegations contained in paragraph 26.

27. Defendants deny the allegations contained in paragraph 27.

28. Defendants deny the allegations contained in paragraph 28, except admit that SH, at the specific request of Drasner's general contractor, supplied acoustic isolation materials to Drasner's general contractor and charged a reasonable and fair markup for these materials.

**FIRST CLAIM FOR RELIEF**

29. Defendants repeat and re-allege all of the allegations contained in the preceding paragraphs of this Answer and Counterclaims as if fully stated herein.

30. Defendants deny the allegations contained in paragraph 30.

31. Defendants deny the allegations contained in paragraph 31.

32. The allegations contained in paragraph 32 are legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 32 are denied.

## SECOND CLAIM FOR RELIEF

33. Defendants repeat and re-allege all of the allegations contained in the preceding paragraphs of this Answer and Counterclaims as if fully stated herein.

34. Defendants deny the allegations contained in Paragraph 34.

35. Defendants deny the allegations contained in Paragraph 35.

36. Defendants deny the allegations contained in Paragraph 36

37. Defendants deny the allegations contained in Paragraph 37.

38. Defendants deny the allegations contained in Paragraph 38.

39. Defendants deny the allegations contained in Paragraph 39.

## AFFIRMATIVE DEFENSES

### As and for a First Affirmative Defense

40. The Complaint fails to state a claim upon which relief can be granted.

### As and for a Second Affirmative Defense

41. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

### As and for a Third Affirmative Defense

42. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### As and for a Fourth Affirmative Defense

43. Plaintiff's claims are barred, in whole or in part, based upon the failure of a condition precedent.

### As and for a Fifth Affirmative Defense

44. Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification.

### As and for a Sixth Affirmative Defense

45. Plaintiff's claims are barred, in whole or in part, because Plaintiff breached the contract upon which its Complaint is based.

### As and for a Seventh Affirmative Defense

46. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to act in accordance with the standards of good faith and fair dealing.

### As and for a Eighth Affirmative Defense

47. Plaintiff's claims are barred, in whole or in part, for failure to allege fraud with particularity.

### As and for a Ninth Affirmative Defense

48. Plaintiff's claims against Steve Haas are barred, in whole or in part, because Haas acted at all times within his capacity as a member and employee of SH Acoustics, LLC.

### As and for a Tenth Affirmative Defense

49. Defendant hereby reserves any and all additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise

WHEREFORE, Defendant demands judgment dismissing the Complaint in all respects and awarding Defendant such other and further relief as the Court deems just and proper, including but not limited to, Defendant's attorneys' fees and costs in litigating this dispute.

## COUNTERCLAIMS

## THE RELEVANT BACKGROUND HISTORY

50. On or about May 13, 2005, SH and Drasner entered into a contract under which SH agreed to provide Drasner with acoustical consultation, design and verification measurement services for Drasner's Florida residence ("Consulting Agreement"), on an hourly basis at the rate of $150.00 per hour.

51. SH performed various consulting services to Drasner in accordance with the Consulting Agreement.

52. To date, Drasner has failed and refused to pay consulting fees due to SH under the Consulting Agreement in the amount of $20,737.50.

53. On our about August 25, 2005, SH and Drasner entered into a contract entitled Agreement for Drasner Residence for the Construction of Concertino Live Music Recording and Duplication Systems ("Installation Agreement"), pursuant to which SH agreed to construct and install the Concertino system in Drasner's Florida apartment for the sum of approximately $274,121.00. Drasner has approved additions to the work in the amount of $18,282.14, bringing the total contract amount to $292,403.14 .

54. SH and Drasner further agreed that Drasner would receive a "Preferred Customer Discount" on the Concertino equipment equal to the sum of $34,134.00. The discount

was given by SH in exchange for the right to use the Drasner Concertino installation as a showroom.

55. SH has performed the Concertino system installation as required by the Installation Agreement.

56. To date, Drasner has paid SH only $180,959.93, leaving a balance due to SH in the amount of $111,443.21 under the Installation Agreement.

57. Drasner's actions have also prevented SH from using the Drasner Concertino installation as a showroom.

## FIRST COUNTERCLAIM
### (Breach of Contract - Installation Agreement)

58. Defendants repeat and re-allege all of the allegations contained in the preceding paragraphs of this Answer and Counterclaims as if fully stated herein.

59. Plaintiff's failure to pay for services provided pursuant to the Installation Agreement and his actions in preventing SH from using the Drasner Concertino installation as a showroom constitutes a breach of the Installation Agreement.

60. As a result of Plaintiff's breach of the Installation Agreement, Defendants have been damaged in amount to be determined at trial but in no event less than $145,577.21.

## SECOND COUNTERCLAIM
### (Breach of Contract - Consulting Agreement)

61. Defendants repeat and re-allege all of the allegations contained in the preceding paragraphs of this Answer and Counterclaims as if fully stated herein.

62. Plaintiff's failure to pay consulting fees under the Consulting Agreement constitutes a breach of the Consulting Agreement.

63. As a result of Plaintiff's breach of the Consulting Agreement, SH has been damaged in an amount to be determined at trial, but in no event less than $20,737.50.

### THIRD COUNTERCLAIM
### (Quantum Meruit - Installation Agreement)

64. Defendants repeat and re-allege all of the allegations contained in the preceding paragraphs of this Answer and Counterclaims as if fully stated herein.

65. In connection with the Installation Agreement, Defendants, at the specific request of Plaintiff Drasner, provided labor and services to Drasner having a fair and reasonable value of $326,537.14.

66. To date, Defendant SH has received payment in the amount of $180,959.93, leaving an outstanding balance of $145,577.21, no part of which has been paid to SH although same has been duly demanded.

67. By reason of the foregoing, Defendant SH is entitled to recover from the plaintiff the amount of $145,577.21 plus interest.

### FOURTH COUNTERCLAIM
### (Quantum Meruit - Consulting Agreement)

68. Defendants repeat and re-allege all of the allegations contained in the preceding paragraphs of this Answer and Counterclaims as if fully stated herein.

69. In connection with the Consulting Agreement Defendants, at the specific request of Plaintiff Drasner, provided services to Drasner having a fair and reasonable value of $20,737.50.

70. To date, Defendant SH has not received any payment of the outstanding balance of $20,737.50, although same has been duly demanded.

71. By reason of the foregoing, Defendant SH is entitled to recover from the plaintiff the amount of $20,737.50, plus interest.

## FIFTH COUNTERCLAIM
(Unjust Enrichment - Installation Agreement)

72. Defendants repeat and re-allege all of the allegations contained in the preceding paragraphs of this Answer and Counterclaims as if fully stated herein.

73. The services and labor supplied by Defendants were used in the Florida apartment of Plaintiff Drasner.

74. Drasner was aware that Defendants expected to be paid for supplying said services and labor as set forth herein.

75. Drasner derived a benefit of Defendants' supplying these services and labor to it but has failed to fully compensate Defendants for same.

76. By reason of the foregoing, Drasner has been unjustly enriched in the amount of $145,577.21.

## SIXTH COUNTERCLAIM
(Unjust Enrichment - Consulting Agreement)

77. Defendants repeat and re-allege all of the allegations contained in the preceding paragraphs of this Answer and Counterclaims as if fully stated herein.

78. The consulting services supplied by SH were used in connection with Drasner's Florida residence.

79. Drasner was aware that Defendants expected to be paid for supplying said services as set forth herein.

80. Drasner derived a benefit of Defendants' supplying these services to him but has failed to fully compensate Defendants for same.

81. By reason of the foregoing, Drasner has been unjustly enriched in the amount of $20,737.50.

### SEVENTH COUNTERCLAIM
### (Promissory Estoppel - Installation Services)

82. Defendants repeat and re-allege all of the allegations contained in the preceding paragraphs of this Answer and Counterclaims as if fully stated herein.

83. Drasner promised Defendant SH that it would pay the amounts due for services performed in connection with the installation of the Concertino System.

84. Drasner also promised Defendant SH to reimburse it for costs associated with certain consulting services regarding the procurement of materials necessary for the modification of Plaintiff's Florida apartment.

85. Based on Drasner's promises, SH incurred numerous costs associated with the installation of the Concertino system in Plaintiff's Florida apartment.

86. Drasner should have reasonably expected that his promises would induce SH to incur these expenses.

87. Defendant SH's reliance on Drasner's promise was reasonable.

88. Drasner has breached its promise to Defendant SH by not reimbursing SH for any of the costs and expenses that SH incurred in the course of the installation of the Concertino System.

89. As a result, Defendant SH has been damaged in amount to be determined at trial but in no event less than $145,577.21.

## EIGHTH COUNTERCLAIM
### (Promissory Estoppel - Consulting Services)

90. Defendants repeat and re-allege all of the allegations contained in the preceding paragraphs of this Answer and Counterclaims as if fully stated herein.

91. Drasner promised SH to reimburse it for costs associated with certain consulting services.

92. Based on Drasner's promises, SH incurred numerous costs associated with the consulting services provided by SH.

93. Drasner should have reasonably expected that his promises would induce Defendant SH to incur these expenses.

94. SH's reliance on Drasner's promise was reasonable.

95. Drasner has breached its promise to SH by not reimbursing SH for any of the costs and expenses that SH incurred in the course of providing various consulting services to Drasner.

96. As a result, SH has been damaged in amount to be determined at trial but in no event less than $20,737.50.

## NINTH COUNTERCLAIM
### (Account Stated - Installation Agreement)

97. Defendants repeat and re-allege all of the allegations contained in the preceding paragraphs of this Answer and Counterclaims as if fully stated herein.

98. Defendants have provided Drasner with unpaid invoices regarding amounts due under the Installation Agreement which were not disputed by Drasner. Drasner did not question or contest the amounts due to Defendants under the Installation Agreement.

99. Drasner has failed to pay the amount of $111,443.21, reflected as the amount due and owing under the Installation Agreement.

100. By reason of the foregoing, Defendants have stated an account against Drasner in the sum of $111,443.21.

### TENTH COUNTERCLAIM
(Account Stated - Consulting Agreement)

101. Defendants repeat and re-allege all of the allegations contained in the preceding paragraphs of this Answer and Counterclaims as if fully stated herein.

102. Defendants have provided Drasner with unpaid invoices regarding amounts due under the Consulting Agreement which were not disputed by Drasner. Drasner did not question or contest the amounts due to Defendants under the Consulting Agreement.

103. Drasner has failed to pay the amount of $20,737.50, reflected as the amount due and owing under the Consulting Agreement.

104. By reason of the foregoing, Defendants have stated an account against Drasner in the sum of $20,737.50.

WHEREFORE, Defendants SH and Steve Haas demand judgment against Plaintiff Drasner as follows:

(a) on Defendants' First Counterclaim, monetary damages in an amount to be determined at trial but in no event less than $145,577.21;

(b) on Defendants' Second Counterclaim, monetary damages in an amount to be determined at trial but in no event less than $20,737.50;

(c) on Defendants' Third Counterclaim, monetary damages in an amount to be determined at trial but in no event less than $145,577.21;

  (d)  on Defendants' Fourth Counterclaim, monetary damages in an amount to be determined at trial but in no event less than 20,737.50;

  (e)  on Defendants' Fifth Counterclaim, monetary damages in an amount to be determined at trial but in no event less than $145,577.21;

  (f)  on Defendants' Sixth Counterclaim, monetary damages in an amount to be determined at trial but in no event less than $20,737.50;

  (g)  on Defendants' Seventh Counterclaim, monetary damages in an amount to be determined at trial but in no event less than $145,577.21;

  (h)  on Defendants' Eighth Counterclaim, monetary damages in an amount to be determined at trial but in no event less than $20,737.50;

  (i)  on Defendants' Ninth Counterclaim, monetary damages in an amount to be determined at trial but in no event less than $111,443.21;

  (j)  on Defendants' Tenth Counterclaim, monetary damages in an amount to be determined at trial but in no event less than $20,737.50; and

  (k)  such other and further relief as the Court deems proper, including but not limited to Defendants' attorneys fees and costs associated with asserting these counterclaims.

Dated: New York, New York
   July 19, 2007

           HERRICK, FEINSTEIN LLP

           By: _____
             William H. Fried
             Orsolya Kore
             2 Park Avenue
             New York, New York 10016
             (212) 592-1400

           *Attorneys for Defendants SH Acoustics, LLC and Steve Haas*

TO: KATTEN MUCHIN ROSENMANN LLP
   Robet W. Gottlieb
   Steven Schiffman
   575 Madison Avenue
   New York, New York  10022
   (212) 940-8800
   ***Attorneys for Plaintiffs***