UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRED DRASNER,

          Plaintiff,

          v.

SH! ACOUSTICS LLC and
STEVE HAAS,

          Defendants.

Civ. Action No.  07 Civ. 5970 (SHS)

ANSWER TO COUNTERCLAIMS

---

      Plaintiff Fred Drasner, by and through the undersigned attorneys, Katten Muchin Rosenman LLP, as and for his Answer to the Counterclaims (the "Counterclaims") of Defendants SH! Acoustics LLC (SH!) and Steve Haas ("Hass"), responds as follows:

      1.    Plaintiff admits the allegations in paragraph 50 of the Counterclaims, but denies that SH! provided any of the services it was contracted to provide competently or in accordance with the parties' agreement.

      2.    Plaintiff denies the allegations in paragraph 51 of the Counterclaims, but admits that SH! purported to provide certain acoustical consulting services to Drasner.

      3.    Plaintiff denies the allegations contained in paragraphs 52, 54 to 55, 57, 59 to 60, 62, 63, 65, 67, 69 to 71, 75 to 76, 80 to 81, 84 to 89, 91 to 96, 98 to 100, and 102 to 104 of the Counterclaims.

      4.    Plaintiff denies the allegations contained in paragraphs 53 and 83 of the Counterclaims and refers to the Installation Agreement for the terms thereof.

5. Plaintiff denies the allegations contained in paragraph 56 of the Counterclaims, but admits that Drasner has paid SH! $180,959.93.

6. Plaintiff denies the allegations contained in paragraph 66 of the Counterclaims, but admits that Drasner has paid SH! $180,959.93.

7. Plaintiff denies the allegations contained in paragraph 73 of the Counterclaims, but admits that SH! and Haas were contractually obligated to provide services and labor in Drasner's apartment in Florida in connection with the installation of the Concertino system and states that SH! and Haas did not provide such services and labor in accordance with the Installation Agreement's terms..

8. Plaintiff denies the allegations contained in paragraph 74 of the Counterclaims, but admits that SH! and Haas would have been entitled to be compensated for providing labor and services if they provided those services competently and in accordance with the Installation Agreement.

9. Plaintiff denies the allegations contained in paragraph 78 of the Counterclaims, but admits that SH! and Haas were contractually obligated to provide consulting services for Drasner with respect to his apartment in Florida and states that SH! and Haas did not provide such services in accordance with the Consulting Agreement's terms..

10. Plaintiff denies the allegations contained in paragraph 79 of the Counterclaims, but admits that SH! and Haas would have been entitled to be compensated for providing consulting services if they provided those services competently and in accordance with the Consulting Agreement.

11. Plaintiff neither admits nor denies the allegations in paragraphs 58, 61, 64, 68, 72, 77, 82, 90, 97, and 101 of the Counterclaims, but instead refers to his responses to the specific paragraphs repeated and re-alleged in paragraphs 58, 61, 64, 68, 72, 77, 82, 90, 97, and 101 of the Counterclaims.

12. Plaintiff denies all the remaining allegations in the Counterclaims.

## AFFIRMATIVE DEFENSES

### As and for a First Affirmative Defense

13. The Counterclaims for quantum meruit, unjust enrichment and promissory estoppel are barred by the existence of a contract covering the same subject matter.

### As and for a Second Affirmative Defense

14. The Counterclaims are barred by the doctrines of waiver, estoppel and laches.

### As and for a Third Affirmative Defense

15. The Counterclaims are barred by the doctrine of unclean hands.

### As and for a Fourth Affirmative Defense

16. The Counterclaims are barred due to a lack of consideration under the contracts referred to in the Counterclaims.

### As and for a Fifth Affirmative Defense

17. The Counterclaims are barred due to the failure of conditions precedent to Drasner's obligations to perform under the contracts referred to in the Counterclaims.

3

### As and for a Sixth Affirmative Defense

18. The Counterclaims are barred because Defendants breached the contracts on which the Counterclaims are based.

### As and for a Seventh Affirmative Defense

19. The Counterclaims are barred by Defendants's failure to act in accordance with the standards of good faith and fair dealing.

### As and for a Eighth Affirmative Defense

20. Plaintiff hereby reserves any and all additional or further affirmative defenses as may be revealed by additional information that may be acquired after the date of this response.

WHEREFORE, Plaintiff demands judgment dismissing the Counterclaims in all respects and awarding Plaintiff such other and further relief as the Court deem just and proper, including but not limited to, Plaintiff's attorneys fees and costs in litigating this dispute.

Dated: New York, New York
      August 22, 2007

      KATTEN MUCHIN ROSENMAN LLP

      */s/*
      Robert W. Gottlieb (RWG-4147)
      Steven Shiffman (SS-3630)
      575 Madison Avenue
      New York, New York 10022
      (212) 940-8800